UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRECKENRIDGE PROPERTY FUND 2016, LLC,<br><br>Plaintiff,<br><br>v.<br><br>IGOR SALVA, and DOES 1-10,<br><br>Defendants. | Case No.: 3:18-cv-02118-GPC-MDD<br><br>**ORDER SUA SPONTE REMANDING ACTION TO STATE COURT** |

On September 12, 2018, Defendant Igor Salva, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court for the State of California, County of San Diego. ECF No. 1. Based on the reasoning below, the Court *sua sponte* **REMANDS** the action to state court for lack of subject matter jurisdiction.

## DISCUSSION

The federal court is one of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir.

1990). Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In the notice of removal, Defendant alleges that Plaintiff's claim is based upon a notice which expressly references and incorporates a federal statute, Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201 ("PTFA"). ECF No. 1 at 3. However, a review of the state court complaint in this case shows that Plaintiff Breckenridge Property Fund 2016, LLC, alleges a single cause of action for unlawful detainer under California state law, and does not invoke the PTFA.

Moreover, "the PTFA expired on December 31, 2014." *Fairview Tasman LLC v. Young*, No. 15cv5493-LHK, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (citing Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 2204 (2010) (setting date of expiration)); *see also Franks v. Franks*, No.

2

3:18-cv-02118-GPC-MDD

1990). Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In the notice of removal, Defendant alleges that Plaintiff's claim is based upon a notice which expressly references and incorporates a federal statute, Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201 ("PTFA"). ECF No. 1 at 3. However, a review of the state court complaint in this case shows that Plaintiff Breckenridge Property Fund 2016, LLC, alleges a single cause of action for unlawful detainer under California state law, and does not invoke the PTFA.

Moreover, "the PTFA expired on December 31, 2014." *Fairview Tasman LLC v. Young*, No. 15cv5493-LHK, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (citing Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 2204 (2010) (setting date of expiration)); *see also Franks v. Franks*, No.

2

3:18-cv-02118-GPC-MDD

17cv893-CAB-AGS, 2017 WL 1735169, at *2 (S.D. Cal. May 4, 2017). Here, the unlawful detainer action was filed on April 24, 2018, and there is no indication that any of the facts constituting the unlawful detainer action occurred prior to December 31, 2014. Plaintiff became the owner of the subject property on October 5, 2017, after the PTFA expired.

Finally, the PTFA does not create a cause of action for a tenant. *Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1169 (9th Cir. 2013). In *Logan*, the court analyzed the Congressional record to determine that Congress showed no implicit or explicit intent to create a cause of action under the PTFA. *Id.*; *see also Nativi v. Deutsche Bank Nat'l Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885 (N.D. Cal. May 26, 2010). The Ninth Circuit held that the PTFA neither explicitly nor implicitly creates a cause of action, but instead explained that the PTFA is a defense in California state eviction proceedings. *Logan*, 722 F.3d at 1173. Therefore, the PTFA does not create a cause of action that could have originally been brought in federal court, and as a defense, it is insufficient to confer subject matter jurisdiction. *See Caterpillar Inc.*, 482 U.S. at 393 ("[A] case may not be removed to federal court on the basis of a federal defense.").

Therefore, Defendant's assertion of federal subject matter jurisdiction is without merit and Plaintiff's state unlawful detainer claim is not removable.

## CONCLUSION

Based on the above, the Court *sua sponte* **REMANDS** the action to the San Diego County Superior Court for the State of California.

**IT IS SO ORDERED.**

Dated: September 17, 2018

Hon. Gonzalo P. Curiel
United States District Judge